BENJAMIN KINGMAN & others *vs.* THE COUNTY COMMISSIONERS OF PLYMOUTH.

It is no sufficient ground for issuing a *certiorari* to revise the proceedings of the county commissioners in laying out a highway, that the public necessity and convenience did not require the same to be laid out; or that a submission of the matter to a jury would not afford the petitioners any effectual remedy; or that the commissioners increased the damages of the land-owners, on the hearing of a petition for a discontinuance of the way.

THIS was a petition for a writ of *certiorari*, by certain persons

representing themselves in part as the parish committee of the first congregational society of North Bridgewater, in part as the owners of certain sheds standing on land of the society, and all of them as residents and tax-payers of the town of North Bridgewater, and setting forth, that they were aggrieved at the doings of the respondents, in laying out a highway over the lands of the society, taking in its course the sheds of the petitioners, and an engine-house belonging to the town.

The petitioners alleged, —

1st. That the respondents were not required by public necessity, policy, or expediency, to lay out the road in question, as they had done.

2d. That having laid out the road, and awarded damages in favor of the owners of the land taken, including the owners of the sheds, they afterwards increased the damages payable to the latter, upon a petition to discontinue the highway, which they had no jurisdiction to do.

3d. That by submitting the matter to a jury, the interests of the petitioners would be hazarded, without affording them any effectual remedy.

*H. E. Smith*, for the petitioners, cited *West Boston Bridge* v. *Middlesex*, 10 Pick. 270; *Commonwealth* v. *West Boston Bridge*, 13 Pick. 195.

*J. H. Clifford* and *J. H. Loud*, for the respondents, cited *Ex parte Weston*, 11 Mass. 417; *Brown* v. *Essex*, 12 Met. 208.

BY THE COURT. No legal pretence for issuing a writ of *certiorari* is shown in the first or third reason assigned therefor by the petitioners.

The second reason concerns those petitioners only who are owners of sheds. But as it does not appear that they have yet suffered, or that they hereafter must suffer, any injustice, the irregularity of the commissioners' proceedings is not a sufficient reason for issuing a process to quash them. For aught that appears, these owners of sheds are satisfied with the amount last awarded to them as damages, and can obtain that amount.                                        *Petition dismissed.*